_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**December 20, 2012**

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | Case No.: 12-20682-MKN |
| ) | Chapter 11 |
| LOUIS J. ALDINI, ) | |
| ) | Date:  December 12, 2012 |
| Debtor. ) | Time: 9:30 a.m. |
| _____ ) | |

**ORDER ON MOTION TO TRANSFER VENUE[1]**

On December 12, 2012, the Motion to Transfer Venue ("Transfer Motion") brought by Citizens First National Bank ("CFNB") came on for hearing before the court.[2]  The appearances of counsel were noted on the record.  After arguments were presented, the matter was taken under submission.

On September 19, 2012, Louis J. Aldini ("Debtor") filed a voluntary Chapter 11 petition in this judicial district.  Debtor resides at 113 W. 59th Street in Hinsdale, Illinois ("Residence"). According to his real property Schedule "A," Debtor owns the Residence and three additional properties: 4692 E. 29th Road, Sandwich, Illinois ("Sandwich Property"), 3145 E. Flamingo

---

[1] Unless otherwise specified, all "Section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532; all "FRCP" references are to the Federal Rules of Civil Procedure; and all "FRBP" references are to the Federal Rules of Bankruptcy Procedure.

[2] The Transfer Motion is accompanied and supported by the declaration of James A. Kohl ("Kohl Declaration").  Debtor filed a two-page opposition ("Opposition") that is not accompanied by any supporting declaration or other evidence.

1 Road, Las Vegas, Nevada ("Flamingo Property"), and 8735 Country Crossings Street, Las

2 Vegas, Nevada ("Country Crossings Property"). Debtor's Schedule "B" lists various items of

3 personal property having a total value of $70,500. On his Schedule "C," Debtor claims

4 exemptions under Nevada law.[3]

On his Schedule "D," Debtor list numerous creditors having claims secured by the real property assets reflected on Schedule "A" as well as one of the vehicles reflected on his Schedule "B." Curiously, Schedule "D" also lists creditors who apparently have liens against properties identified as 8525 W. Gregory Street, Chicago, Illinois ("Gregory Street Property"), and 4538 Grove Avenue, Brookfield, Illinois ("Grove Avenue Property"). Neither the Gregory Street Property nor the Grove Avenue Property are disclosed in the Debtor's Schedule "A."[4]

On his Schedule "D," Debtor lists no creditors having priority unsecured claims. On his Schedule "F," Debtor lists fourteen creditors, all of which have unsecured claims for credit card or charge accounts. On his Schedule "G," Debtor lists Robert L. Grime who apparently has a lease on the Country Crossings Property that expires in December 2012. On his Schedule "H," Debtor lists two parties with Illinois addresses who are co-debtors with respect to the obligation to CFNB.[5] On his current income Schedule "I," Debtor indicates that he is a legal advisor with the Department of Defense at an address in Rock Island, Illinois. Schedule "I" also indicates that

---

[3] Debtor's meeting of creditors under Section 541(a) was concluded on November 8, 2012. There is no indication on the docket that any party objected to the Debtor's exemptions.

[4] Apparently, the Gregory Street Property is the subject of a fraudulent transfer action under Illinois law. See Kohl Declaration at ¶ 8.

[5] One of the listed co-debtors is L&M Entertainment, Inc. CFNB asserts that L&M Entertainment is owned or controlled by the Debtor, see Kohl Declaration at ¶ 5, even though Debtor's personal property Schedule "B" does not disclose an interest in that entity. CFNB also asserts that the Debtor is the sole beneficiary of a certain land trust, see id., but that beneficial interest also is not disclosed in the Debtor's schedules. In his opposition to the Transfer Motion, Debtor asserts that he is "a member of an LLC, but not an owner, of other real property in Illinois" See Opposition at ¶ 5. Debtor's personal property Schedule "B" also does not disclose any interest in a limited liability company.

1  the Debtor receives rental income of $945 per month from the Flamingo Road Property and
2  $1,550 per month from the Country Crossings Property.
3    On October 12, 2012, CFNB filed the instant motion seeking to transfer this Chapter 11
4  proceeding to the United States Bankruptcy Court for the Northern District of Illinois.[6] The
5  factual basis for the motion is set forth in the Kohl Declaration. Debtor has offered no evidence,
6  by way of declaration or otherwise, to dispute the factual information set forth in the Kohl
7  Declaration.[7]
8    Debtor argues that the Flamingo Road Property and Country Crossings Property are both
9  located in Nevada and that the Debtor intends to retire and move to Las Vegas in a year or two.
10 Moreover, Debtor alleges that he intends to surrender the Illinois commercial property to
11 CFNB.[8] Debtor maintains that the bankruptcy should remain in Nevada.
12   Having considered the record, as well as the arguments of counsel, the court concludes
13 that transfer of the instant case to the Northern District of Illinois is in the interests of justice and
14 the convenience of the parties.

---

[6] After the Transfer Motion was filed, a Motion to Substitute Party was filed to substitute Heartland Bank and Trust Company in place and instead of CFNB. CFNB had been placed into a receivership and had been acquired from the Federal Deposit Insurance Corporation by Heartland Bank. At the hearing on the Transfer Motion, the parties agreed that the Motion to Substitute Party could be heard on December 19, 2012. By a separate order, the Motion to Substitute Party has been granted. The relief granted in the instant order therefore applies to Heartland Bank and Trust Company.

[7] Portions of the Kohl Declaration are argumentative rather than evidentiary. The court considers only the evidentiary portions for which the declarant purports to have personal knowledge.

[8] It also appears that CFNB commenced a judicial foreclosure action in LaSalle County, Illinois, that was stayed when the Debtor filed his bankruptcy proceeding in Nevada. See Kohl Declaration at ¶ 6. The Transfer Motion does not specifically identify the real property that was the subject of the foreclosure action and the Kohl Declaration simply refers to "the Property" or the "8525 Gregory property", see Kohl Declaration at ¶ 8, the latter of which is not scheduled as an asset of the Debtor's bankruptcy estate. Debtor's reference to "commercial property" also does not specify an address.

1    There is no dispute that the Debtor resides in Hinsdale, which is a suburb of Chicago.
2  There also is no dispute that if Debtor filed his bankruptcy petition in Illinois, the correct venue
3  would be the Northern District of Illinois. All of the Debtor's personal assets appear to be
4  located in Illinois. Debtor's primary creditor, CFNB, is located in Illinois. Except for the lender
5  against the Country Crossings Property, all of the Debtor's creditors appear to be located outside
6  of Nevada. Except for the Country Crossings Property, Debtor apparently has no equity in any
7  of his real property assets. Moreover, the Gregory Street Property, in which the Debtor may or
8  may not have an interest, possibly is the subject of a fraudulent transfer action that would
9  involve witnesses and evidence located in Illinois.

10    All of the foregoing suggests that the Debtor has little reason to obtain bankruptcy relief
11  in Nevada rather than in Illinois. While he might receive passive income for now from his
12  Nevada properties, Debtor does not live or work in Nevada. No evidence has been presented as
13  to the Debtor's actual retirement plans or any efforts to actually relocate to Las Vegas. The
14  possibility certainly exists that he might retire in the future and move to Las Vegas, but it is
15  equally possible that he might choose not to retire or to live elsewhere. That speculation is not
16  enough to keep the case in Nevada.

17    Under these circumstances, transfer of this bankruptcy proceeding to the Northern
18  District of Illinois is warranted under 28 U.S.C. section 1412 and FRBP 1014(a).

19    **IT IS THEREFORE ORDERED** that the Motion to Transfer Venue brought by
20  Citizens First National Bank, Docket No. 20, be and the same hereby is, **GRANTED**.

21    **IT IS FURTHER ORDERED** that the above-captioned bankruptcy case is transferred to
22  the Northern District of Illinois.

23    **IT IS FURTHER ORDERED** that all hearings currently scheduled in this bankruptcy
24  case are **VACATED** from the court's calendar.

25
26

Copies noticed through ECF to:

JONATHAN B. GOLDSMITH jonathan@vegaslawsite.com,
    goldecf@gmail.com;emilie@vegaslawsite.com;jose@vegaslawsite.com;gabriel@vegaslawsite.com

CHRISTOPHER M. HUNTER bknotice@mccarthyholthus.com,
    chunter@mccarthyholthus.com;nvbkcourt@mccarthyholthus.com

JAMES A KOHL jak@h2law.com, sgeorge@howardandhoward.com

DEAN R. PROBER cmartin@pralc.com

JEFFREY SLOANE lrost@kssattorneys.com

U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov

ACE C VAN PATTEN avanpatten@piteduncan.com, ecfnvb@piteduncan.com

GREGORY L. WILDE nvbk@tblaw.com,
    jrgiordano@tblaw.com;jlferran@tblaw.com;grgarrett@tblaw.com;pjkutneski@tblaw.com;maerwin@tblaw.com;tmrovere@tblaw.com

and sent via FIRST CLASS MAIL to:
    LOUIS J ALDINI
    113 W. 59TH ST.
    HINSDALE, IL 60521

and sent BNC to:

    All parties on BNC mailing list

# # #